◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BERNARD GERSTEL and JOSEPH KRUCK, Respondents.—Appeal by the People from an order of the Supreme Court, Queens County (Clabby, J.), dated May 10, 1984, which granted the defendants' motions to dismiss indictment No. 4771/83 pursuant to CPL 30.30. The appeal brings up for review so much of an order of the same court, dated August 3, 1984, which, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated May 10, 1984,

is dismissed, as that order was superseded by the order dated August 3, 1984, made upon reargument; and it is further,

Ordered that the order dated August 3, 1984, is reversed insofar as reviewed, on the law, the order dated May 10, 1984, is vacated, and the motions to dismiss are denied.

Criminal Term found that the People were chargeable with 191 days of nonexcludable delay prior to their announcement of readiness. On appeal, the People, *inter alia,* contend that certain time periods were excludable as to them because the defendants had consented to the adjournments.

At the court conference held on July 8, 1983, the Assistant District Attorney requested a two-week adjournment to arrange for a lineup. The defendant Kruck's attorney responded that he was unavailable during the last two weeks in July because of a planned vacation. Accordingly, the court postponed the matter until August 2, 1983.

We find that Criminal Term improperly charged the entire 25-day adjournment to the People. The People are not chargeable with any delay requested by a defendant *(see,* CPL 30.30 [4] [b]). In this regard, the time requested by counsel for the defendant Kruck to postpone the proceedings, i.e., until he returned from vacation, should not have been included in determining whether the People had announced their readiness within six months *(see,* CPL 30.30 [1] [a]). The request concerned a period of 11 days, i.e., July 22, 1983 to August 2, 1983. Inasmuch as the People were not chargeable with the aforenoted 11-day period, as to the defendant Kruck, they had announced their readiness for trial within six months.

Further, Criminal Term improperly dismissed the indictment as to the defendant Gerstel. The record reveals that, on October 4, 1983, his attorney submitted an affidavit of actual engagement to the court. An adjournment was granted until October 28, 1983, i.e., a period of 24 days. Inasmuch as this adjournment was occasioned by counsel's actual engagement, the 24-day delay was not chargeable to the People *(see,* CPL 30.30 [4] [b]). After excluding this 24-day period, it is evident that the People announced their readiness as to the defendant Gerstel within six months.

Accordingly, the motions to dismiss the indictment should have been denied. Mangano, J. P., Thompson, Lawrence and Harwood, JJ., concur.