■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC DAVIS, Appellant.—Judgment unanimously modified on the law and facts and as modified affirmed, in accordance with the following memorandum: Defendant's motion to dismiss certain counts of the indictment on the ground that he was denied his right to a speedy trial should have been granted. Defendant was arraigned in the local criminal court on a felony complaint on March 31, 1986, and a preliminary hearing was scheduled for April 3. On the scheduled date, the prosecutor stated he was not ready for the hearing and requested an adjournment to April 17 for call. Over defense counsel's opposition, the matter was adjourned to April 17 for call. On April 17 the case was again adjourned until May 12 and subsequent adjournments were granted, all at the request of the prosecutor, until defendant was indicted by the Grand Jury and subsequently arraigned on October 22. Although adjournments of a preliminary hearing at the request of or with the consent of a defendant are excludable from the six-month readiness requirement of CPL 30.30 *(People v Meierdiercks*, 68 NY2d 613), defendant neither requested nor consented to the adjournments of the preliminary hearing. Mere acquiescence in an adjourned date is not considered consent to an adjournment *(People v Johnson*, 38 NY2d 271, 273). Here, the unexcused delay from April 3, the date set for the preliminary hearing, until October 22, when the prosecutor announced his readiness at the arraignment in County Court, was more than six months. Accordingly, defendant's conviction under counts 1 through 5 and count 9 of the indictment must be reversed, those counts of the indictment are dismissed and the sentences imposed thereon are vacated.

Defendant's other arguments on appeal lack merit. (Appeal from judgment of Niagara County Court, Hannigan, J.—burglary, second degree, and other charges.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.