■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN FOSTER, Appellant.—Judgment, Supreme Court, New York County (Allen Murray Myers, J.), rendered June 10, 1987, convicting appellant after a jury trial of robbery in the first degree (Penal Law § 160.15 [4]), two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]), and criminal possession of stolen property in the first degree (Penal Law former § 165.50), and sentencing him to terms of incarceration of 9 to 18 years, 6 to 12 years, 6 to 12 years, and 3 to 6 years, respectively, to run concurrently, unanimously affirmed.

We are persuaded by all the evidence in the case that the complainant's identification of appellant was positive, and established appellant's guilt beyond a reasonable doubt. We note that the discrepancies alluded to by appellant are minor and do not detract from the overwhelming nature of the evidence of his guilt. Nor has appellant presented a persuasive argument that the trial court excessively interfered or displayed bias in its limited clarification of testimony of a witness and of appellant. In any event, by failing to object at the time of the presently challenged inquiries, appellant has failed to preserve the claim as a matter of law. (CPL 470.05 [2]; *People v Charleston,* 56 NY2d 886, 888 [1982].) Nor did the court display prejudice in its marshaling of the evidence. The court did not display a bias towards the prosecutor and, in marshaling appellant's testimony, the phrasing did not depart from what was essentially appellant's testimony.

Appellant's challenge to the identification charge was not objected to at trial, and we note that trial counsel even conceded that the instruction was "sufficient". As such, it is not preserved for review as a matter of law.

The court did not err in its ruling which permitted cross-examination of appellant, who took the stand, as to two prior felony convictions, robbery and grand larceny, and as to their underlying facts *(People v Sandoval,* 34 NY2d 371 [1974]). The court precluded cross-examination as to several other misdemeanor convictions. The subject crimes were particularly

relevant to appellant's veracity, and the court properly balanced the potential for undue prejudice against probative value *(cf., People v Williams,* 56 NY2d 236 [1982]). This court has noted that "the fact that a defendant may specialize in one type of illegal activity * * * does not *ipso facto* shield such defendant from having prior convictions used to impeach his credibility." *(People v Rahman,* 62 AD2d 968 [1st Dept 1978], *affd* 46 NY2d 882 [1979].)

Appellant is persuasive that the People's introduction of the 911 tape constituted bolstering. However, in the context of the testimony, we do not find the effect of the bolstering to have been significant and, in light of the overwhelming evidence, we find the error to be harmless beyond a reasonable doubt. *(People v Crimmins,* 36 NY2d 230 [1975].)

We have examined appellant's several challenges to the prosecutor's comments on summation and note that, for the most part, they are not preserved for review. Were we to reach them, we would affirm, finding these claims to be without merit. Such claims as are preserved for review are without merit. Concur—Murphy, P. J., Ross, Milonas, Kassal and Rubin, JJ.