■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASEY CAIN, Appellant.—Judgment, Supreme Court, New York County (Frank Blangiardo, J.), rendered March 17, 1987, convicting defendant, after a jury trial, of five counts of robbery in the first degree, three counts of robbery in the second degree, four counts of attempted robbery in the first degree, and two counts of attempted robbery in the second degree, for which defendant was sentenced, as a second violent felony offender, to eight concurrent terms of 6 to 12 years for each first and second degree robbery count to run consecutive with concurrent terms of 4 to 8 years for each attempted first degree robbery count, and 2½ to 5 years for each attempted second degree robbery count, unanimously affirmed.

This conviction arose out of attempted robberies perpetrated

against two victims by defendant and an unapprehended accomplice, followed immediately by robberies against three elderly people in a different apartment, one of whom was related to one of the first victims. The two victims of the first attempted robbery both had prior contact with defendant. During this attempted robbery, defendant claimed to be seeking payment on a debt. One of these victims suggested that the perpetrators go across the street to his uncle's apartment, where they could get the money which they demanded. At the uncle's apartment, defendant found three people. Two of these three victims recognized defendant from prior occasions and initially even considered the purported "stickup" to be a joke. We do not agree with defendant that the trial court's summary denial of his motion for a *Wade* hearing was error. Not only was there much prior familiarity between witnesses and defendant, but defendant's motion papers did not allege in any substantive form that improprieties occurred in the lineup procedures.

During separately viewed lineups, three witnesses positively identified defendant. A fourth witness selected a filler who was very similar to defendant. Defendant's allegations in support of the motion addressed only this single failure to identify defendant in the lineup. With respect to the version of CPL 710.60 (3) extant at time of trial, these allegations did not present a ground constituting a legal basis for the motion, and the sworn allegations of fact did not as a matter of law support the ground alleged. Defendant has alleged no facts evidencing any suggestiveness of the identification procedures *(see, People v Hale,* 142 AD2d 172).

Nor do we find error in the court's *Sandoval* ruling. The court carefully balanced the probative value of the convictions which were not precluded against the potential for undue prejudice. It is well settled that a *Sandoval* ruling rests in the sound discretion of the trial court and should not be disturbed, absent an abuse of discretion or an abdication of such discretion *(see, People v Bennette,* 56 NY2d 142). The court considered the lapse of time since these convictions, the relevance of each conviction to defendant's veracity and credibility, and possible similarity between prior convictions and the crime charged. *(People v Williams,* 56 NY2d 236.) The court carefully balanced the critical factors *(People v Sandoval,* 34 NY2d 371) and permitted inquiry into defendant's three prior convictions for robbery, with respect to defendant's guilty pleas, as well as the underlying facts. One robbery conviction was rendered in 1981 and the other two both related back to May

of 1974. We note that defendant had been incarcerated for the bulk of the time from 1974 through 1985 and thus it was not error to permit their use. The mere fact of similarity between the prior crimes and the crimes presently charged does not of itself require preclusion *(People v Pavao,* 59 NY2d 282). We have recognized that the mere fact that defendant tends to specialize in a particular type of crime does not insulate him from cross-examination with respect to those crimes *(People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882). It also is well settled that theft-related crimes involving dishonesty are relevant to defendant's veracity and credibility *(People v Sandoval, supra,* at 377). Nor do we find infirmity in the court's ruling which permitted inquiry into the facts of the prior robberies *(see, e.g., People v Foster,* 156 AD2d 252, *lv denied* 75 NY2d 868). Finally, we find no error in use of the 1974 conviction. The use of convictions in excess of 10 years is not explicitly prohibited *(see, People v Scott,* 118 AD2d 881). And we again note that during the larger part of this period defendant was incarcerated. Concur—Kupferman, J. P., Sullivan, Milonas, Ellerin and Rubin, JJ.