■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL COWELL, Appellant.—Judgment, Supreme Court, New York County (Patricia Anne Williams, J.), rendered August 24, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him as a predicate felony offender to an indeterminate term of imprisonment of from eight to sixteen years, unanimously modified, on the law and on the facts and as a matter of discretion in the interest of justice, to reduce the sentence to an indeterminate term of from five to ten years and, except as thus modified, affirmed.

To the extent the claim with respect to the trial court's *Sandoval* ruling is preserved, we do not find an abuse of discretion in permitting, *inter alia,* inquiry into defendant's seven most recent misdemeanor convictions, all for drug possession and occurring within the year prior to his arrest in this case. Defendant had a lengthy criminal record dating back to 1977. Most of his 22 convictions, including the three felonies, were larceny or drug-related. Inquiry into twelve of his convictions was precluded. Of defendant's numerous prior larceny-related convictions, the court permitted inquiry into only three. Thus, the court engaged in the proper balancing test.

The mere fact of similarity between prior crimes and the crime with which he is presently charged, is, in itself, insufficient to require preclusion of all cross-examination on such prior crimes. *(See, People v Pavao,* 59 NY2d 282, 292.) That a defendant seems to have "specialize[d] in a particular type of crime does not insulate him from cross-examination with respect to those crimes". *(People v Cain,* 167 AD2d 131, 133.) Moreover, with respect to the seven misdemeanor convictions for drug possession, the court precluded inquiry into the number of vials defendant had possessed in each instance to avoid any suggestion that defendant possessed drugs with intent to sell, as was charged here.

As for the claim that inquiry into the seven recent misdemeanor convictions would reveal that defendant was arrested in six of the seven prior arrests on the same block as in the instant case, defendant never brought this factor to the atten-

tion of the court. Finally, on this subject, we note that defendant admitted under oath at the *Wade* hearing that he had repeatedly used cocaine in the past. Counsel never moved to preclude questioning on this subject as a bad act. Thus, had defendant testified at trial, we would, on cross-examination, either have to admit his prior extensive cocaine use or be impeached on that point by his *Wade* hearing testimony.

Modification of the sentence to the extent indicated is called for, given the fact that defendant appears to have been a small-scale seller, dealing in drugs mainly to support his own habit. In the instant matter, he sold two vials of crack cocaine and was in possession of four other vials of crack cocaine when arrested. Moreover, the prosecutor, fully aware of defendant's extensive record and background, recommended a sentence "in the area of six to twelve years." In the circumstances, we find the eight to sixteen year sentence imposed to be excessive and modify accordingly.

We have examined defendant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Kupferman, JJ.