■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO RIVERA, Also Known as MANUEL REYES, Appellant.—Judgment, Supreme Court, Bronx County (David Levy, J.), rendered February 8, 1988, convicting defendant after jury trial of criminal possession of a controlled substance in the first degree and unlawful possession of a shotgun, and sentencing him to an indeterminate term of imprisonment of from fifteen years to life and a definite term of one year, respectively, to run concurrently, unanimously affirmed.

On October 18, 1986, police officers responded to a radio run of a male having been shot at 1115 Sheridan Avenue, Apartment 502, fifth floor. Between the first and second floors the officers met two women, one of whom said she heard shots fired on the top floor while the other just pointed upwards. As the officers reached the fifth floor landing, they heard screaming and scuffling coming from Apartment 502. The officers knocked on the door, identified themselves but no one responded. When they knocked a second time and received no response, they kicked the door in. As the door swung open, the

officer observed defendant throw a gun and bag containing drugs down a dumbwaiter shaft.

The warrantless entry of the police into defendant's home was proper, as there were reasonable grounds to believe that an emergency situation existed requiring an immediate need for assistance for the protection of life, the search was not motivated by an intent to arrest or seize evidence, and there was a reasonable basis approximating probable cause to associate the emergency with the area to be searched. *(People v Mitchell,* 39 NY2d 173, *cert denied* 426 US 953.) The contents of the radio run, the report of shots fired from occupants of the building, and the screams and sounds emanating from the apartment provided a sufficient predicate for entry into the apartment.

Defendant's claim that his conviction should be set aside in the interests of justice on the ground that testimony offered at trial conflicted with and undermined the testimony offered at the suppression hearing is without merit. The propriety of the denial of a motion to suppress must be based exclusively on the evidence before the suppression court. *(See, People v Giles,* 73 NY2d 666, 672.) Concur—Milonas, J. P., Kupferman, Asch, Kassal and Smith, JJ.