■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK JOHNSON, Appellant.—Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered July 25, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a prison term of 4½ to 9 years, unanimously affirmed.

An undercover police officer testified that he approached defendant near 8th Avenue and 42nd Street in Manhattan and inquired about purchasing crack. The officer testified that he saw defendant call over co-defendant Patricia Walker, who sold the officer 3 vials of crack for $15. Defendant denied this, and his testimony was corroborated by that of Walker, who testified that defendant did not help her make the sale, even though at the plea allocution for the drug charge against her she had implicated defendant.

A fair reading of the plea minutes indicates that Walker's statements implicated defendant in the drug sale, and were consequently not consistent with her trial testimony exculpating defendant. Thus even though her trial testimony was assailed as a recent fabrication, the plea minutes were inad-

missible as a prior consistent statement. Nor were the plea minutes admissible to explain or clarify her prior statements about defendant, because that matter should have been explored by the defense with Walker on the witness stand. *(People v Melendez,* 55 NY2d 445, 452.)

The *Sandoval* ruling, which permitted inquiry into the fact of a prior conviction (but not the underlying facts or that it involved a sale) was not an abuse of discretion. *(People v Cowell,* 170 AD2d 343, *lv denied* 77 NY2d 993.)

We have considered defendant's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.