■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILIO MORALES, Appellant.—Judgment, Supreme Court, New York County (Carol Berkman, J., on the speedy trial motion; Leslie Crocker Snyder, J., at trial and sentence), rendered November 29, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a prison term of 12½ to 25 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reversing the sentence and imposing an indeterminate term of imprisonment of 7½ to 15 years, and otherwise affirmed.

Defendant's contention that the court erroneously denied his speedy trial motion is based largely on one adjournment of 33 days, from October 13, 1988, when the People announced that an indictment had been filed, to November 15, 1988, when defendant was arraigned on the indictment in Supreme

Court. While the time between indictment and arraignment is ordinarily chargeable to the People *(People v Correa,* 77 NY2d 930), the defendant did not merely acquiesce in the adjournment *(see, People v Davis,* 142 AD2d 931, *lv denied* 72 NY2d 917), but specifically requested a date two weeks later than the one suggested by the court. By explicitly requesting a delay beyond the adjournment suggested by the court, defendant consented to what otherwise might have been includable time *(People v Meierdiercks,* 68 NY2d 613). The court had concluded that 144 days (mistakenly computed as 143 days in its written decision) were chargeable, and since the People concede that an additional 18 days, from February 16, 1989 to March 6, 1989, are includable, the total chargeable time would thus be 162 days. At the very least, the 14 days beyond the date suggested by the court are excludable as time specifically requested by the defense *(People v Gerstel,* 134 AD2d 281). This would leave 19 includable days, bringing the total to 181 days.

However, the People correctly urge that the court erroneously charged them with the entire adjournment for the arraignment on the superseding indictment, from January 17, 1989 to February 16, 1989. Defense counsel rejected the court's suggested date of February 9, stating that he would be out of town, and requested February 16. It is not necessary that we determine whether the period from January 17 to February 9, 1989 is chargeable to the People, or excludable under *People v Meierdiercks (supra).* At least the seven-day period between February 9 and February 16 should not have been charged to the People because counsel requested the additional one-week delay *(People v Gerstel, supra).* Thus, the maximum time chargeable to the People is either 155 days, if the entire 33-day adjournment previously discussed is excludable, or 174 days, if 19 days of the 33-day adjournment are chargeable. By either calculation, no speedy trial violation occurred.

Although we find no ground to reverse the defendant's conviction on speedy trial grounds, we find the sentence of 12½ to 25 years for a $10 sale of cocaine to be unduly harsh (CPL 470.15 [2] [c]). In *People v Acosta* (157 AD2d 485, *lv denied* 75 NY2d 916), the defendant was sentenced to 12½ to 25 years for criminal sale of a controlled substance in the third degree. We found that sentence for a single $10 drug sale excessive, and reduced it to 5 to 10 years. In *People v Depass* (168 AD2d 230, *lv denied* 77 NY2d 876), we reduced to a term of 5 to 10 years, a sentence of 8½ to 17 years for a $20

sale of crack. In *People v Cowell* (170 AD2d 343, *lv denied* 77 NY2d 993), we reduced to a term of 5 to 10 years, a sentence of 8 to 16 years for selling two vials of crack. Although the amount of drugs sold by the defendant in this case was likewise very small, his extensive record of drug arrests resulting in seven misdemeanor and two felony convictions, and his arrest on a misdemeanor drug charge while the instant case was pending, demonstrates that the defendant is not entitled to that measure of leniency we granted to the defendants in the above-cited cases. Accordingly, in the exercise of our discretion in the interest of justice, defendant's sentence is modified to an indeterminate term of imprisonment of from 7½ to 15 years, and the judgment is otherwise affirmed. Concur—Carro, J. P., Wallach, Kassal and Rubin, JJ.