■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JAMES SHARKEY, True Name SHARKEY JAMES, Appellant.— Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered August 16, 1990, convicting defendant, after a jury trial, of two counts of robbery in the first degree, and sentencing him as a predicate violent felony offender, to concurrent terms of imprisonment of 9 to 18 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support a finding that defendant affirmatively participated in the robbery. Defendant blocked the complainants from any possible means of escape *(see, People v Patton,* 184 AD2d 483; *People v Robinson,* 127 AD2d 860), received an item of stolen property from his accomplice and personally took an item from another victim.

The trial court did not abuse its discretion in ruling that defendant could be cross-examined on the underlying facts of a prior robbery conviction. The mere fact that the crime charged is similar to others defendant has previously committed does not of itself require preclusion, nor does the fact that a defendant may specialize in a particular type of crime insulate him from cross-examination with respect to those crimes *(People v Cain,* 167 AD2d 131, 133, *lv denied* 77 NY2d 836; *see also, People v Foster,* 156 AD2d 252, *lv denied* 75 NY2d 868; *People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882).

The fact that a more lenient sentence was offered during plea bargaining does not indicate that defendant was "punished" for going to trial *(People v Diaz,* 177 AD2d 406, *affd* 80 NY2d 780). Concur—Sullivan, J. P., Carro, Milonas, Wallach and Kupferman, JJ.