■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON PEREZ, Appellant. [599 NYS2d 269] —Judgment, Supreme Court, New York County (Patricia Anne Williams, J.), rendered August 31, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of 10 to 20 years, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to an indeterminate term of imprisonment of 6 to 12 years, and otherwise affirmed.

Defendant's argument that he was deprived of a fair trial by the court's instruction that the jury apply the reasonable doubt standard only after it first determined the credibility of the witnesses by means of a preponderance standard is unpreserved by objection (CPL 470.05 [2]), and we decline to review it in the interest of justice. Were we to review, we would find that the charge as a whole was proper since it conveyed to the jury that it must determine whether the credible proof established defendant's guilt beyond a reasonable doubt.

Defendant's argument that the court improperly instructed

the jury to consider his guilt as a principal when the indictment specifically charged him as an accessory is also unpreserved (CPL 470.05 [2]), and we decline to review it in the interest of justice. Were we to review, we would find defendant's argument meritless since the evidence of defendant's participation in the sale proved his culpability as a principal and also as an accomplice. The court did not change the theory of the case, and defendant was not prejudiced *(People v Duncan,* 46 NY2d 74, *cert denied* 442 US 910).

Although we find no ground to reverse the conviction, we consider the 10 to 20 year sentence imposed on this 63 year old defendant, himself a drug user, for the sale of two vials of cocaine to an undercover officer for $10, to be unduly harsh (CPL 470.15 [2] [c]; *see, People v Morales,* 181 AD2d 572, *lv denied* 80 NY2d 835; *People v Acosta,* 180 AD2d 505, *lv denied* 80 NY2d 827; *People v Emphram,* 179 AD2d 402, *lv denied* 79 NY2d 947; *People v Cowell,* 170 AD2d 343, *lv denied* 77 NY2d 993; *People v Depass,* 168 AD2d 230, *lv denied* 77 NY2d 876; *People v Acosta,* 157 AD2d 485, *lv denied* 75 NY2d 916). Accordingly, in the exercise of our discretion in the interest of justice (CPL 470.15 [6] [b]), defendant's sentence is modified to an indeterminate term of from 6 to 12 years, and the judgment is otherwise affirmed. Concur—Sullivan, J. P., Wallach and Nardelli, JJ.

Carro and Kupferman, JJ., concur in a memorandum by Carro, J., as follows: In considering this sentencing issue I cannot help but question whether the hemorrhage of taxpayer funds used to warehouse thousands of low-level drug users and sellers for long periods of time in our dangerously over-crowded prisons, at a cost of $35,000 per year per inmate in addition to the capital expenditure of $180,000 per prison cell,[1] could not be more productively and humanely directed toward prevention, through education, and treatment of drug addiction. The increasingly unavoidable conclusion that with the passage of time is becoming more widely recognized and articulated by respected representatives of our criminal justice system, is that the primary method currently utilized to deal with the drug epidemic, essentially an effort to eliminate the availability of drugs on our streets, while increasing inordinately the length of prison terms for low-level drug offenders, has failed.[2]

---

1. *See, People v Ramsey,* 178 AD2d 269, 273-275 [Appendix to concurring mem of Kupferman, J.], *affd* 80 NY2d 780.

2. *See,* New York Times, May 9, 1993, section 4, at 15, col 1; Apr. 17,

