■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO ENNIS, Appellant. [602 NYS2d 374] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered May 28, 1991, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and sentencing him, as a persistent violent felony offender, to 8 years to life, unanimously affirmed.

Defendant's statement regarding his nickname fell within the pedigree exception to Miranda (Miranda v Arizona, 384 US 436; Pennsylvania v Muniz, 496 US 582, 601). There is no indication that the police in the instant case were trying to inculpate defendant by asking this question which appeared on the standard form pedigree worksheet. Moreover, the booking officer was not aware that a witness had previously identified the perpetrator by his nickname.

Furthermore, the People were not required to give notice of their intent to offer defendant's statement. "Although the statement had some inculpatory value, pedigree information provided by defendant to police during processing is not

subject to suppression under CPL 60.45 and it is not subject to the notice requirements of CPL 710.30 [citations omitted]." *(People v Thomas,* 195 AD2d 301, 301).

The fact that defendant received a harsher sentence after trial than he was offered during plea negotiations does not indicate that he was punished for exercising his right to a trial *(People v Pena,* 50 NY2d 400, 411-412, *cert denied* 449 US 1087; *People v Sharkey,* 186 AD2d 63, 64, *lv denied* 80 NY2d 1030). The sentence imposed here is fully supported by defendant's extensive criminal record *(see, People v Brown,* 183 AD2d 612, 613, *lv denied* 80 NY2d 828), to which the court specifically referred. Concur—Carro, J. P., Rosenberger, Ross and Asch, JJ.