■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER SMALLS, Appellant. [607 NYS2d 318] —Judgment, Supreme Court, New York County (Clifford A. Scott, J.), rendered March 26, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years, 12½ to 25 years, and 7½ to 15 years, respectively, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the first two counts, and imposing concurrent indeterminate terms of imprisonment of 5 to 10 years on those counts, and otherwise affirmed.

Defendant's guilt was established beyond a reasonable doubt. Five to six minutes after an undercover officer made a purchase through a hole in an apartment door, the backup team found defendant alone in the apartment, with prerecorded money in his pocket (a fact for which defendant gave

an incredible explanation at trial), and with drugs in the process of being flushed down the toilet. Moreover, the undercover officer had seen the seller's fingertips through the hole in the door, and had noted that they were scarred, or cut up, which accurately described the condition of defendant's fingertips. Viewing the evidence most favorably to the People *(People v Kennedy,* 47 NY2d 196, 204), the evidence was sufficient to sustain the jury's determination that it was defendant who sold the drugs to the undercover and possessed the drugs in the toilet.

Contrary to defendant's arguments, the evidence that defendant, like the seller, had scarred fingertips, was not identification evidence requiring notice under CPL 710.30 (1) (b), a *Wade* hearing, or a jury instruction on identification, even though the undercover officer had looked at defendant's post-arrest fingerprint card to verify that defendant, in fact, had scarred fingertips. The condition of defendant's fingertips was never offered as a means of identification *(cf., People v Collins,* 60 NY2d 214, 218 [voice identification]), but merely as "proof that the defendant and the perpetrator share similar physical characteristics" *(People v Mountain,* 66 NY2d 197, 202).

Defendant was properly sentenced as a second felony offender, because he failed to meet his burden of alleging and proving that his prior conviction was unconstitutionally obtained *(People v Harris,* 61 NY2d 9, 15).

We find the sentence to be unduly harsh, to the extent indicated. The facts relating to sentence are virtually identical to those presented in *People v Morales* (181 AD2d 572, 573-574, *lv denied* 80 NY2d 835). Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.