■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD CATTEN, Appellant. [625 NYS2d 529] —Judgment, Supreme Court, Bronx County (Frank Torres, J., at *Mapp* hearing; John Stackhouse, J., at *Sandoval* hearing, trial and sentence), rendered October 14, 1992, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing defendant, as a persistent felony offender, to concurrent terms of 16 years to life and 1 year, respectively, unanimously affirmed.

Upon reviewing the evidence before the suppression court *(People v Rivera,* 171 AD2d 560, 561, *lv denied* 78 NY2d 973), we find no merit in defendant's contention that his warrantless arrest inside the doorway of a building was violative of his right to be free of any unreasonably search and seizure *(Payton v New York,* 445 US 573), since defendant failed to sustain his burden at the *Mapp* hearing that he had a legitimate expectation of privacy in the premises *(People v Ortiz,* 83 NY2d 840, 842).

Defendant's claim that the court erred in admitting evidence of several uncharged sales and improperly instructed the jury with respect to such evidence is unpreserved for appellate review as a matter of law, defendant having failed to object to the admission of such evidence, or take exception

to the court's instructions to the jury (People v Cuesta, 199 AD2d 101, 102, lv denied 83 NY2d 870), and we decline to review it in the interest of justice. Were we to consider the claim we would find that because the defendant's intent was at issue with respect to the charges of possession with intent to sell, evidence of the uncharged sales was admissible as to those charges (People v Lopez, 200 AD2d 525, lv denied 83 NY2d 1005). The court's failure to additionally instruct the jury that such evidence may not be considered with respect to the charge of criminal sale in the third degree of narcotics was harmless error in light of the overwhelming evidence of defendant's guilt of that crime and defendant's acquittal of both possession counts having intent to sell as an element thereof.

We find no abuse of discretion in sentencing defendant as a persistent felony offender, which disposition is fully supported by his extensive criminal record, to which the sentencing court specifically referred (People v Ennis, 197 AD2d 404, 405, lv denied 82 NY2d 849). The fact that defendant received a harsher sentence after trial than he was offered during plea negotiations does not indicate that he was punished for exercising his right to a trial (supra, at 405, citing, inter alia, People v Pena, 50 NY2d 400, 411-412, cert denied 449 US 1087). Concur—Ellerin, J. P., Rubin, Ross, Nardelli and Williams, JJ.