■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN PETERSON, Appellant. [629 NYS2d 388] —Judgment, Supreme Court, New York County (Murray Mogel, J., at suppression hearing; Jay Gold, J., at trial and sentence), rendered July 14, 1993, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him, as a second violent felony offender, to a term of 6 to 12 years, unanimously affirmed.

According great deference to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor (*People v Bleakley*, 69 NY2d 490, 495), we find that the verdict is not against the weight of the evidence. The complainant testified unequivocally that defendant removed $68 from his pants pocket while an accomplice held a gun to his temple. Defendant stood next to complainant during the robbery that took several minutes and was committed in a well-lit park under a fluorescent floodlight. The complainant went immediately to the precinct where he was able to provide a highly detailed description of defendant and his armed accomplice. The following day, the complainant identified defendant from a mug-shot book and, when defendant was arrested two months later, took only seconds to identify him in a lineup. The complainant again identified defendant at trial.

The court properly exercised its discretion and fashioned a balanced *Sandoval* ruling (*People v Sandoval*, 34 NY2d 371) that did not unfairly prejudice defendant. The court narrowly prescribed the details the prosecutor could elicit with respect to defendant's prior possession of stolen property and burglary convictions, theft offenses that are "particularly relevant to [a defendant's] veracity" (*People v Foster*, 156 AD2d 252, 252-253, *lv denied* 75 NY2d 868).

We have examined defendant's other contention and find it

to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Mazzarelli, JJ.