■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD LARABY, Appellant. [632 NYS2d 355] —Judgment unanimously affirmed. Memorandum: We conclude that the verdict is supported by sufficient evidence and is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). We further conclude that Supreme Court did not abuse its discretion by its *Sandoval* ruling that defendant could be cross-examined with respect to his prior sexual abuse, rape and robbery convictions, but not with respect to five prior acts of misconduct, including two uncharged rapes and assaults. The record shows that the court, in making its *Sandoval* ruling, carefully balanced the probative value of the acts of misconduct against the potential for undue prejudice. The fact that the prior convictions of defendant for sexual abuse and rape are similar to the crimes presently charged does not preclude their use on cross-examination *(see, People v Pavao,* 59 NY2d 282, 292; *People v Cowell,* 170 AD2d 343, *lv denied* 77 NY2d 993; *People v Cain,* 167 AD2d 131, 133, *lv denied* 77 NY2d 836).

We reject the contention of defendant that prosecutorial misconduct on summation mandates reversal. Although the prosecutor on summation made inflammatory comments and improperly elicited sympathy for the complainant *(see, People v Grice,* 100 AD2d 419, 422; *People v Ivey,* 83 AD2d 788, 789), reversal is not mandated because those comments did not deprive defendant of a fair trial *(see, People v Roopchand,* 107 AD2d 35, 36, *affd* 65 NY2d 837).

We have reviewed the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Sexual Abuse, 1st Degree.) Present—Pine, J. P., Lawton, Callahan, Balio and Davis, JJ.