■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE THOMAS, Appellant. [637 NYS2d 174] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered June 24, 1993, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the lineup

was unduly suggestive because he was asked to smile. The complainant's description of the perpetrator to the police included that he had a decaying tooth. The detective who organized the lineup testified at the suppression hearing that the complainant identified the defendant and then asked the detective to have all of the participants in the lineup smile so that he could be sure of his identification. There is no evidence in the record that any of the police officers acted improperly or that the lineup was unduly suggestive (*see, People v Neptune*, 193 AD2d 703).

We find no merit to the defendant's contention that he was denied his statutory right to a speedy trial (*see*, CPL 30.30). Because the defendant was indicted for a felony, the People were required to be ready for trial within six months from the commencement of the criminal action (*see*, CPL 30.30 [1] [a]). The defendant was indicted on August 28, 1992, and moved pursuant to CPL 30.30 to dismiss the indictment on April 13, 1993. The defendant concedes that the period from November 18, 1992, to December 17, 1992, should be excluded from the time within which the People had to be ready for trial, leaving 199 days of pretrial delay.

Although the Supreme Court charged the People with the 21 days from October 20, 1992, to November 10, 1992, 20 of those days are chargeable to the defendant. The record indicates that on October 20, 1992, the People announced that they were ready for trial, but the defendant was not produced. The court proposed to adjourn the matter to October 21, 1992, but the defense counsel stated that she was not available for the remainder of the week and proposed to adjourn the matter until the following week. The court then asked if November 10, 1992, was satisfactory, and defense counsel agreed. Because the delay from October 21, 1992, to November 10, 1992, was not caused by the People's failure to be ready for trial, but by the unavailability of the defense counsel, who actively participated in setting the adjournment date, the People should have been charged with only one of the 21 days from October 20, 1992, to November 10, 1992 (*see*, CPL 30.30 [4] [b]; *People v Morales*, 181 AD2d 572; *People v Gerstel*, 134 AD2d 281; *cf., People v Smith*, 82 NY2d 676, 678). Although the prosecution did not raise this argument at the Supreme Court, this Court is not bound by the position originally taken by the prosecution (*see, e.g., People v Brown*, 207 AD2d 556, 557; *People v Gates*, 70 AD2d 734).

In addition, we find no merit to the defendant's contention that the People should be charged with the six days from

December 17, 1992, to December 23, 1992. On December 17, 1992, the defendant was produced in another part on an unrelated matter. This matter was adjourned to the following day for transfer to the other part. Thus, the delay from December 17, 1992, to December 18, 1992, is chargeable to the defendant because he was appearing in another part on another matter (*see,* CPL 30.30 [4] [a]). Moreover, the defendant refused to appear on December 18, 1992, for religious reasons, and the matter was adjourned to December 23, 1992. Thus, the five days from December 18, 1992, to December 23, 1992, are also chargeable to the defendant (*see, People v Ali,* 209 AD2d 227).

Assuming that the remaining periods of pretrial delay should be charged to the People, the total period of unreadiness equals 173 days, which is less than the six months within which the People had to be ready for trial. The Supreme Court, therefore, properly denied the defendant's motion to dismiss the indictment pursuant to CPL 30.30. Balletta, J. P., Ritter, Copertino and Pizzuto, JJ., concur.