■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS MOORE, Appellant. [639 NYS2d 382]

The testimony of a police witness describing the roles of the participants in a typical drug transaction was properly admitted to provide background not within the jurors' knowledge (*see*, *People v Kelsey*, 194 AD2d 248, 252-253). The challenged portions of the prosecutor's summation were a fair response to defense counsel's summation (*see*, *People v Tevaha*, 204 AD2d 92, 93, *affd* 84 NY2d 879). Defendant's claim that the court should have given limiting instructions on the use of uncharged crimes is unpreserved and we decline to review it in the interest of justice. Were we to review it, we would find that the absence of such instructions in this case did not prejudice defendant (*see*, *People v Catten*, 214 AD2d 463, *lv denied* 86 NY2d 792). Concur—Rosenberger, J. P., Ellerin, Rubin and Nardelli, JJ.