■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDOR GEIGER, Appellant. [640 NYS2d 67] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered July 5, 1994, convicting defendant, after a jury trial, of robbery in the third degree and criminal trespass in the second degree and sentencing him, as a second felony offender, to concurrent prison terms of $3^1/_2$ to 7 years and 1 year, respectively, unanimously affirmed.

Viewing the evidence in a light most favorable to the prosecution (*People v Contes*, 60 NY2d 620), we find that the evidence of defendant's guilt of criminal trespass, in particular his unlawful entry into the apartment building, was legally sufficient.

The trial court did not improvidently exercise its discretion in ruling that defendant could be asked whether he had been convicted of committing four robberies, particularly where the court precluded cross-examination into the underlying facts of the crimes and defendant's criminal record included nine felonies (*People v Sandoval*, 34 NY2d 371). Moreover, "[t]he mere fact that the crime charged is similar to others defendant has previously committed does not of itself require preclusion, nor does the fact that a defendant may specialize in a particular type of crime insulate him from cross-examination with respect to those crimes" (*People v Sharkey*, 186 AD2d 63, 64, *lv denied* 80 NY2d 1030).

Defendant's contention that a comment made by the court during voir dire denigrated the defense is unpreserved for appellate review, and, in any event, without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Williams, JJ.