OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
We find that the accusatory instrument is not jurisdiction-ally defective since it alleges all of the elements of aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [ii]). Any objection defendant has regarding hearsay allegations of fact contained in the accusatory instrument has been waived since he failed to raise this issue in a pretrial motion to dismiss (see, People v Casey, 95 NY2d 354).
*338 The statutory prohibition against summary denial of a motion to suppress statements as involuntary (see, CPL 710.60 [3] [b]) does not extend to motions to suppress statements due to an unlawful arrest (see, People v Mendoza, 82 NY2d 415, 422). Defendant’s motion papers specifically requested that his statements be suppressed on the ground that they were involuntarily made; defendant did not request a Dunaway hearing. Consequently, we find that the trial court properly sustained the prosecutor’s objection at the Huntley hearing to defense counsel’s attempt to question the police officer regarding probable cause (see, People v Covington, 144 AD2d 238, lv denied 73 NY2d 890; see also, People v Toxey, 220 AD2d 204).
 Further, defendant waived any claim regarding his objection to statements the trial court made to the jury during its preliminary instructions since he did not request further curative relief after the court sustained his objection and provided the jury with curative instructions (see, People v Medina, 53 NY2d 951, 953; People v Cruz, 177 AD2d 363). Moreover, there is no merit to defendant’s contention that the court changed the theory of prosecution by instructing the jury that it could find him guilty if the People proved that he operated a vehicle while knowing or having reason to know that his license was “suspended or revoked.” Although the factual portion of the accusatory instrument states that defendant was operating a vehicle while his license was revoked, the elements of aggravated unlicensed operation of a motor vehicle in the second degree requires that defendant operated a vehicle while knowing or having reason to know that his license was “suspended, revoked or otherwise withdrawn * * * .” (Vehicle and Traffic Law § 511 [1] [a].) We find that the theory of the case remained the same as it was presented and tried, and the court did not present a theory to the jury which was not supported by the evidence adduced at trial or contained in the accusatory instrument (cf., People v Duncan, 46 NY2d 74, cert denied 442 US 910; People v Perez, 194 AD2d 455).
Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we also find that the evidence adduced at trial could lead a rational trier of fact to determine, beyond a reasonable doubt, that the evidence at trial satisfied the proof and burden requirements for every element of aggravated unlicensed operation of a motor vehicle in the second degree, and the verdict is not against the weight of the evidence (see, CPL 470.15; People v Bleakley, 69 NY2d 490, 495). We further find that the sentence imposed was not un *339 duly harsh or excessive and does not warrant a reduction in the interest of justice (see, People v Suitte, 90 AD2d 80; see also, People v Anderson, 154 AD2d 607). Defendant’s remaining contention is unpreserved for appellate review.
Doyle, J.P., Colabella and Winick, JJ., concur.