■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BRISTOL, Appellant. [751 NYS2d 904] —Appeal from

a judgment of Oneida County Court (Donalty, J.), entered November 22, 1999, convicting defendant after a jury trial of, inter alia, attempted rape in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of two counts each of attempted rape in the first degree (Penal Law §§ 110.00, former 130.35 [1], [3]) and sexual abuse in the first degree (former § 130.65 [1], [3]) and one count of endangering the welfare of a child (§ 260.10 [1]). Contrary to defendant's contention, the People established an adequate chain of custody to support the admission of the 10-year-old victim's underwear, as well as the hair and fingernail found in the underwear, and the laboratory reports relating to those items (*see People v Julian*, 41 NY2d 340, 342-344). The laboratory reports confirmed that defendant had the same DNA as that found in the hair and fingernail at issue. Also contrary to defendant's contention, County Court properly redacted from defendant's grand jury testimony presented during the People's case-in-chief any direct reference to defendant's prior convictions or crimes (*cf. People v Lewis*, 69 NY2d 321, 327-328). The court's *Sandoval* ruling permitting the prosecutor to inquire whether defendant had ever been convicted of a felony but prohibiting questioning concerning the specific crime or its underlying facts was not an abuse of discretion (*see People v Laraby*, 219 AD2d 817, *lv denied* 88 NY2d 849, 937). The sentence is neither unduly harsh nor severe. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.