■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WOMBLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered December 30, 1988, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

We find no merit to the defendant's challenge to the hearing court's determination that he voluntarily, knowingly and intelligently waived his *Miranda* rights. The record reflects that Officer Bros read the defendant his *Miranda* rights, and the defendant acknowledged that he understood his rights. The mere fact that the defendant was dirty, disheveled and appeared to Officer Bros to be a derelict does not, in and of itself, establish that the defendant lacked the mental capacity to understand the nature and consequence of his waiver. Further, the defendant's answers to Officer Bros' questions were intelligible and coherent *(cf., People v Turkenich,* 137 AD2d 363). Based on the totality of the circumstances, we find that the hearing court properly denied suppression *(see, People v Avilez,* 121 AD2d 391, 392).

We further find without merit the defendant's claim that the trial court erred in permitting the prosecution to cross-

examine him, if he took the stand, with regard to prior convictions of burglary in the second degree and attempted petit larceny. The court properly balanced the probative worth of·the evidence on the issue of credibility against the prejudice it would cause the defendant *(see, People v Pavao,* 59 NY2d 282, 292). "[Q]uestioning concerning other crimes is not automatically precluded simply because the crimes to be inquired about are similar to the crimes charged" *(People v Pavao, supra,* at 292). Therefore, the court's *Sandoval* ruling was not an improvident exercise of discretion *(see, People v Pavao, supra; People v Pollock,* 50 NY2d 547). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.