■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DILLON, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Richmond County (Kuffner, J., at trial; Felig, J., at sentence), rendered September 3, 1991, convicting him of burglary in the third degree and possession of burglar's tools, under Indictment No. 3/91, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Kuffner, J., at plea; Felig, J., at sentence), also rendered September 3, 1991, convicting him of burglary in the third degree, under Indictment No. 28/91, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

We find no merit to the defendant's contention that the court's *Sandoval* ruling, which permitted the prosecution to cross-examine him, if he testified, on a prior conviction for criminal sale of a controlled substance, and various misdemeanor convictions including one for criminal possession of stolen property, and several for petit larceny, was improper. The court properly balanced the probative value of the evidence against its potential for impermissible prejudice *(see, People v Pavao,* 59 NY2d 282, 292). "[Q]uestioning concerning other crimes is not automatically precluded simply because the crimes to be inquired about are similar to the crimes charged" *(People v Pavao, supra,* at 292; *see also, People v Womble,* 161 AD2d 679, 680; *People v Smith,* 138 AD2d 759). Furthermore, the commission of crimes or acts of individual dishonesty such as theft will usually be materially relevant to a defendant's credibility *(see, People v Sandoval,* 34 NY2d 371, 377; *see also, People v Womble, supra; People v Smith, supra).* Thus, the court's *Sandoval* ruling was a proper exercise of discretion.

The defendant's claim that he was denied due process due to the trial court's failure, with respect to the crime of burglary, to clearly charge the jury that the defendant must have formed an intent to commit a crime at the time of unlawful entry, is unpreserved for appellate review *(see, People v Santana,* 172 AD2d 299), and we decline to reach it in the exercise of our interest of justice jurisdiction.

The sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Thompson, Bracken and Lawrence, JJ., concur.