■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SETH LOWENSTEIN, Appellant. [610 NYS2d 61] —Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered June 24, 1993, convicting him of grand larceny in the third degree and criminal possession of a forged instrument in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was hired as director of sales and marketing by the Stemp Group, a computer consulting business. Less than one month after being hired, the defendant, under the pretense of being sent on an errand to purchase office keys, obtained a blank signed check from the Stemp Group's bookkeeper. The defendant never appeared at the Stemp Group for work again and was fired. The defendant then made the blank check payable to himself for over $13,000 and deposited it into his own bank account. The president of the Stemp Group denied the validity of the check but the defendant claimed that it represented severance pay due to him. To support his claim that the $13,000 represented severance pay, the defendant drafted a document which he alleged was an employment agreement between him and the Stemp Group. The president of the Stemp Group denied ever signing the purported employment agreement.

Evidence that the defendant unsuccessfully attempted to

defraud his previous employer, Cole Systems Associates, approximately three months before he was hired by the Stemp Group, was properly admitted. Although evidence of uncharged crimes must be excluded when it is offered solely to establish a defendant's criminal propensity, such evidence is admissible if it is related to a material issue in the case and the probative worth of the evidence outweighs its prejudicial effect *(see, People v Hudy,* 73 NY2d 40, 54-55; *see also, People v Ventimiglia,* 52 NY2d 350, 359-361). When fraudulent intent is in issue, evidence of other similar acts are admissible to negate the existence of an innocent state of mind *(see, People v Molineux,* 168 NY 264, 297-298). Here, the probative worth of the prior fraudulent scheme outweighed its prejudicial effect because the evidence was related to the defendant's theory that the money was appropriated under a claim of right made in good faith.

The trial court's *Sandoval* ruling, which permitted the People to cross-examine the defendant, should he choose to testify, regarding prior, possibly fraudulent acts was not an improvident exercise of discretion. Acts of individual dishonesty or untrustworthiness demonstrate the defendant's willingness to place his individual self-interest ahead of the interests of society *(see, People v Sandoval,* 34 NY2d 371, 377).

The sentence imposed was not harsh or excessive *(see, People v Suitte,* 90 AD2d 80). We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review *(see,* CPL 470.05 [2]), and, in any event, without merit. Mangano, P. J., Miller, Hart and Florio, JJ., concur.