■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. KELLAND, Appellant. [618 NYS2d 96] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered August 21, 1992, convicting him of robbery in the third degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court's *Sandoval* ruling effectively prevented him from presenting a defense. We disagree. The trial court's *Sandoval* ruling, which permitted the prosecutor to cross-examine the defendant for impeachment purposes concerning the underlying facts of certain prior convictions of theft-related crimes in the event the defendant testified at trial, was not an improvident exercise of discretion. The defendant has an extensive criminal record. The mere fact that a defendant has committed crimes similar to the ones with which he is charged does not automatically preclude the prosecutor from using evidence of such crimes for impeachment purposes (see, People v Sharkey, 186 AD2d 63; People v Woods, 158 AD2d 566; People v Winfield, 145 AD2d 449, 450). Moreover, the defendant's prior convictions were highly relevant to the issue of his credibility and demonstrated the defendant's willingness to deliberately further his self-interest at the expense of society (see, People v Lowenstein, 203 AD2d 304; People v Dillon, 189 AD2d 775; People v Winfield, supra).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Ritter, J. P., Copertino, Friedmann and Florio, JJ., concur.