■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HILAIRE, Appellant. [621 NYS2d 892] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered December 22, 1992, convicting him of robbery in the first degree (three counts), robbery in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession

of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the trial, the defendant failed to challenge the *Sandoval* ruling on the ground that it violated his right against self-incrimination. Therefore, any challenge to the ruling on that ground is unpreserved for appellate review *(see, People v Pavao,* 59 NY2d 282; *People v Brito,* 179 AD2d 666; *People v Yoong Boom Kim,* 170 AD2d 707).

Moreover, we find no merit to the defendant's contention that the court's *Sandoval* ruling, which permitted the prosecutor to question him, if he testified, as to his participation in an uncharged robbery committed the same night, and in the same general location as the crimes for which the defendant was on trial, was improper. In reaching that determination, the court properly balanced the probative value of the evidence against its potential for impermissible prejudice in reaching that determination *(see, People v Dillon,* 189 AD2d 775; *see also, People v Sandoval,* 34 NY2d 371; *cf., People v Moore,* 156 AD2d 394).

The defendant's remaining contention does not require reversal. Rosenblatt, J. P., Altman, Friedmann and Florio, JJ., concur.