■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOLLIS CREEL, Appellant. [626 NYS2d 842] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered April 6, 1993, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, and grand

larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in its *Sandoval* ruling, which permitted the prosecutor to impeach him with the underlying facts of a prior robbery conviction. We disagree. Convictions involving theft, such as robbery, are highly relevant to the issue of credibility because they demonstrate the defendant's willingness to deliberately further his self-interest at the expense of society *(see, People v Drakes,* 211 AD2d 809; *People v Kelland,* 208 AD2d 954; *People v Miller,* 199 AD2d 422, 423). Moreover, any similarities between the defendant's prior conviction and the crimes charged did not compel preclusion *(see, People v Pavao,* 59 NY2d 282; *People v Harvey,* 212 AD2d 730). Finally, the record demonstrates that the court engaged in a proper balancing between the probative value of the conviction for impeachment purposes and the prejudicial effect of such impeachment upon the defendant *(see, People v Sandoval,* 34 NY2d 371, 376; *People v West,* 212 AD2d 651). Rosenblatt, J. P., Ritter, Santucci and Krausman, JJ., concur.