■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HEGDAL, Appellant. [699 NYS2d 73] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 25, 1997, convicting him of manslaughter in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was operating a stolen car and had stopped at an intersection when police officers approached the car with their badges displayed. The defendant drove off, at 55 to 60 miles per hour, on the wrong side of the road, in a busy residential and commercial neighborhood. The defendant's car plowed into another car and pushed it some distance up the road, ultimately forcing it into a bus shelter. The driver of the second car was badly crushed and died from his injuries minutes later. Other bystanders and drivers were also hit and suffered serious injuries.

Contrary to the defendant's contention, the trial court properly declined to charge criminally negligent homicide (Penal Law § 125.10) as a lesser-included offense of manslaughter in the second degree (Penal Law § 125.15 [1]). There was no reasonable view of the evidence, viewed in the light most favorable to the defendant (*see, People v Martin*, 59 NY2d 704, 705), which would support a finding that the defendant was unaware of the substantial and unjustifiable risk of death caused by his actions (*see, People v McFadden*, 246 AD2d 558; *People v Lucas*, 238 AD2d 524, 525).

The defendant has not preserved for appellate review his contention that the court erred in its *Sandoval* ruling that his past convictions relating to automobile theft could be used to impeach his credibility, as the defendant consented to the ruling (*see,* CPL 470.05 [2]; *People v Claudio,* 64 NY2d 858). In any event, the contention is without merit. Convictions involving theft are highly relevant to the issue of credibility because they demonstrate the defendant's willingness to deliberately further his self-interest at the expense of society (*see, People v Walker,* 83 NY2d 455, 459; *People v Sandoval,* 34 NY2d 371; *People v Jamison,* 228 AD2d 698). Any similarities between the crime charged and the prior conviction do not compel preclusion (*see, People v Mattiace,* 77 NY2d 269, 275-276; *People v Pavao,* 59 NY2d 282; *People v McClam,* 225 AD2d 799). Moreover, the record demonstrates that the court engaged in a proper balancing between the probative value of the prior convictions and the possible prejudice to the defendant (*see, People v Sandoval, supra,* at 376; *People v Jamison, supra*). Ritter, J. P., Joy, Goldstein and McGinity, JJ., concur.