■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AXEL DELGADO, Appellant. [723 NYS2d 40] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered May 21, 1997, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the defendant's *pro se* motion pursuant to CPL 30.30 to dismiss the indictment, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.

The defendant, who was represented by counsel, moved *pro se* pursuant to CPL 30.30 to dismiss the indictment. The decision whether to entertain a *pro se* motion is a matter committed to the sound discretion of the Supreme Court (*see, People v Rodriguez,* 95 NY2d 497; *cf., People v White,* 73 NY2d 468, 479, *cert denied* 493 US 859). However, there may be circumstances where an unjustified refusal to entertain a meritorious *pro se* motion would constitute an abuse of discretion (*see, People v Rodriguez, supra*). Here, the Supreme Court, Queens County (Schulman, J.), responded to the motion by stating, without more, that it denied all *pro se* motions. In our view, this was improper. Accordingly, the matter is remitted to the Supreme Court, Queens County, to either entertain this motion or state on the record the reasons for refusing to address it.

We pass on no other issues at this juncture. Bracken, P. J., O'Brien, Santucci and McGinity, JJ., concur.