■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AXEL DELGADO, Appellant. [728 NYS2d 386] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered May 21, 1997, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated March 19, 2001, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Queens County, to hear and report on the defendant's *pro se* motion pursuant to CPL 30.30 to dismiss the indictment, either addressing the motion on the merits, or stating its reasons for refusing to address it (*see, People v Delgado,* 281 AD2d 556). The Supreme Court, Queens County, has now filed its report.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court, Queens County (Schulman, J.), providently exercised its discretion in declining to entertain his *pro se* motion pursuant to CPL 30.30 to dismiss the indictment. The record supports the Supreme Court's conclusion that the defendant's trial counsel declined to adopt the *pro se* motion. Where, as here, a defendant is represented by counsel, the decision whether to

entertain a *pro se* motion is a matter committed to the sound discretion of the Supreme Court (*see, People v Rodriguez,* 95 NY2d 497, 502).

The Supreme Court's *Sandoval* ruling (*see, People v Sandoval,* 34 NY2d 371) was a provident exercise of discretion (*see, People v Kelland,* 208 AD2d 954; *People v Lowenstein,* 203 AD2d 304).

However, as correctly conceded by the People, the defendant's conviction of criminal possession of a controlled substance in the seventh degree must be vacated and that count dismissed as a lesser-included offense (*see,* CPL 1.20 [37]; 300.40 [3] [b]; *People v Hammond,* 220 AD2d 684).

The defendant's remaining contention is without merit. Bracken, P. J., O'Brien, Santucci and McGinity, JJ., concur.