■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD VETRANO, Appellant. [930 NYS2d 275]—

In its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]), the Supreme Court ruled that if the defendant chose to take the stand, the People could inquire into nine of his 17 prior convictions, including convictions for possession of burglar's tools, trespass, and attempted burglary. The defendant did not take the stand. The defendant was convicted of grand larceny in the third degree and criminal possession of stolen property in the third degree. We affirm.

It is within a trial court's discretion to allow the People to impeach the defendant with prior convictions, should he or she choose to take the stand (*see People v Mattiace*, 77 NY2d 269, 274-275 [1990]; *People v Sandoval*, 34 NY2d 371 [1974]). The court must strike an appropriate balance between the probative value of the defendant's prior crimes on the issue of credibility and the possible prejudice to the defendant (*see People v Springer*, 13 AD3d 657, 658 [2004]). The defendant bears the burden of demonstrating that "the prejudicial effect of admitting the prior conviction would so outweigh the probative worth on the issue of credibility as to warrant its exclusion" (*People v Brooks*, 104 AD2d 999, 999 [1984]).

Here, the Supreme Court providently exercised its discretion in allowing the People to inquire about nine of the defendant's 17 prior convictions. Although the defendant argues that the People sought to question him about the convictions for attempted burglary, trespass, and possession of burglar's tools to

show his propensity to commit the instant offense, "[c]onvictions involving theft are highly relevant to the issue of credibility because they demonstrate the defendant's willingness to deliberately further his self-interest at the expense of society" (*People v Hegdal*, 266 AD2d 472, 473 [1999]). And, "[a]ny similarities between the crime charged and the prior conviction[s] do not compel preclusion" (*id.* at 473).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Robinson*, 72 AD3d 1277 [2010]; *People v Georgia*, 163 AD2d 415, 415-416 [1990]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contention is without merit. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.