THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLANDO CANDELARIA, Appellant. [956 NYS2d 506]—

Contrary to the defendant's contention, the hearing court

properly determined that the police had probable cause to arrest him. The victim's identification of the perpetrator of the shooting by his nickname "Holy" was communicated to the police by the victim's mother, who knew the name "Holy" from the block and that he was "Vanessa's boyfriend." A subsequent search by the police of their database connected the defendant to that unusual nickname. Thereafter, the police received a phone call from an unidentified citizen informing them that the "subject" of their investigation, the defendant, was located inside the same house as the informant. Upon arriving at that location, the arresting detective confirmed that the defendant matched a photograph that had previously been generated from the police department's photo manager system. Under these circumstances, the People established that the defendant's arrest was supported by probable cause (*see People v Stays*, 265 AD2d 585 [1999]; *People v Singh*, 142 AD2d 743 [1988]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

The defendant failed to preserve for appellate review his contention that he was denied a fair trial by the prosecutor's misconduct in eliciting testimony from the defendant which improperly bolstered the testimony of two prosecution witnesses (*see* CPL 470.05 [2]; *People v West*, 56 NY2d 662 [1982]; *People v Rossi*, 99 AD3d 947 [2012]). In any event, under the circumstances of this case, the isolated questions by the prosecutor were not so "pervasive or flagrant" as to deny the defendant a fair trial (*People v Rossi*, 99 AD3d at 951). Moreover, any error in the admission of the testimony was harmless, since the evidence of the defendant's guilt, without reference to the testimony, was overwhelming and there was no significant probability that, but for the error, the jury would have acquitted the defendant (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Brody*, 82 AD3d 784, 785 [2011]).

The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a " 'mixed claim[ ]' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance

cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions raised in his pro se supplemental brief either are unpreserved for appellate review and, in any event, without merit, or are based on matter dehors the record. Rivera, J.P., Dillon, Roman and Cohen, JJ., concur.