■ The People of the State of New York, Respondent, v Nicholas DeJesus, Appellant. [22 NYS3d 601]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered December 17, 2013, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions regarding the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) are without merit. Of the defendant's four prior convictions, the court ruled that if the defendant decided to testify, the People would be permitted to inquire about the facts underlying the defendant's prior conviction of robbery in the first degree. This ruling reflects an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the risk of possible prejudice (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Vetrano*, 88 AD3d 750, 750 [2011]). The defendant failed to sustain his burden of demonstrating that the prejudicial effect of the evidence of his prior robbery conviction so outweighed its probative worth that its exclusion was warranted (*see People v Vetrano*, 88 AD3d at 750). That prior conviction was highly relevant to his credibility, and was admissible notwithstanding its similarity to the present crime (*see People v Hayes*, 97 NY2d at 207; *People v Marcus*, 112 AD3d 652, 653 [2013]; *People v Hayes*, 44 AD3d 683, 683 [2007]). Furthermore, that prior conviction was not so remote in time as to mandate its preclusion, given the length of time of the defendant's incarceration between that prior conviction and the trial of this matter (*see People v McLaurin*, 33 AD3d 819, 820 [2006]; *People v Damon*, 150 AD2d 479, 480 [1989]). In addition, contrary to the defendant's assertion, he was not the only witness available to testify for the defense. The defendant's wife, who testified on his behalf at the first trial of this matter, was available to testify at the second trial, but the defendant chose not to call her. Nevertheless, even if she had been unavailable, the fact that the defendant may have been the only witness for the defense "increased the importance of his credibility and his testimony, and did not mandate a ruling prohibiting inquiry" into his prior robbery conviction (*People v Garcia*, 45 AD3d 860, 861 [2007]; *see People v Hayes*, 97 NY2d at 208; *People v Edwards*, 118 AD3d 909, 909 [2014]).

The defendant's remaining contentions are without merit. Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.