# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

71

KA 14-00338

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

SEANDELL KING, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN B. HANNAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (John H. Crandall, A.J.), rendered December 19, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal possession of a controlled substance in the seventh degree and dismissing count two of the indictment, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). We reject defendant's contention that County Court erred in summarily denying that part of his omnibus motion seeking to suppress heroin found on his person by the police following a stop of the vehicle he was operating. It is undisputed that the stop of defendant's vehicle was lawful because the arresting officer observed him fail to obey a stop sign while talking on his cell phone. It is also undisputed that, when questioned by the officer, defendant stated that his driver's license was suspended. The officer then directed defendant to exit the vehicle and placed him under arrest. During a search incident to the arrest, the officer found twenty packets of heroin in the inside flap of defendant's long underwear, near his waistband, along with $330 in cash. In moving for suppression of the heroin, defendant "submitted only defense counsel's affirmation containing conclusory statements, and he therefore failed to raise factual issues sufficient to require a hearing" (*People v Caldwell*, 78 AD3d 1562, 1563, *lv denied* 16 NY3d 796; *see* CPL 710.60 [3] [b]; *People v Mendoza*,

82 NY2d 415, 426).

We reject defendant's related contention that the court erred in denying at trial his motion to renew that part of the omnibus motion seeking suppression of the heroin. Defendant's application to renew was based upon the arresting officer's testimony at trial, which, according to defendant, established that he was subjected to an unlawful roadside "strip search." Defendant was not strip-searched, however; the officer merely patted down defendant's waistband during a lawful search incident to the arrest and discovered the heroin in the top fold of his underwear. Defendant's reliance on *People v Smith* (134 AD3d 1453) is misplaced inasmuch as the officer in that case "pulled open the front of defendant's underwear" and "looked at his genital area" (*id.* at 1454). Here, in contrast, defendant's underwear was not pulled open, and his genitals were not exposed. In any event, as the People point out, defendant was provided early in the case with police reports that specify the exact location where the heroin was found and the manner in which it was found, and the officer's trial testimony was consistent with his reports. There was thus no basis for the court to revisit its suppression ruling in light of the officer's trial testimony.

Defendant further contends that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence with respect to the charge of criminal possession of a controlled substance in the third degree because the People failed to prove that he intended to sell the heroin, which is an element of that crime. We reject that contention. As noted, defendant possessed twenty packets of heroin, which, according to the People's expert witness, was more than that commonly possessed by heroin users. The expert further testified that users of heroin do not typically have "hundreds of dollars" in cash in their possession, as defendant did at the time of his arrest. Moreover, defendant did not possess any instruments that he could have used to consume the heroin, such as straws, needles, or spoons.

Under the circumstances, and viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury," i.e., that defendant intended to sell the narcotics he undisputedly possessed (*People v Bleakley*, 69 NY2d 490, 495; *see People v Bedell*, 114 AD3d 1153, 1153-1154, *lv denied* 23 NY3d 1059). Viewing the elements of the crime of criminal possession of a controlled substance in the third degree as charged to the jury, we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495; *People v Alverson*, 79 AD3d 1787, 1788). As the People correctly concede, however, the count of the indictment charging defendant with criminal possession of a controlled substance in the seventh degree must be dismissed because it is an inclusory concurrent count of criminal possession of a controlled substance in the third degree (*see* CPL 300.40 [3] [b]; *People v Coleman*, 2 AD3d 1045, 1047; *People v Delgado*, 285 AD2d 654, 655, *lv denied* 97 NY2d 680), and we therefore modify the judgment

accordingly.

    We have reviewed defendant's remaining contentions and conclude
that none requires reversal or further modification of the judgment.

Entered:  March 18, 2016                        Frances E. Cafarell
                                                Clerk of the Court