■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MACAIBA, Appellant. [52 NYS3d 365]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered November 20, 2012, convicting defendant, after a jury trial, of two counts each of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree and identity theft in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a provident exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Pavao*, 59 NY2d 282, 292 [1983]). Out of defendant's extensive record, the court only permitted inquiry into two theft-related convictions, without permitting inquiry into the underlying facts. Although defendant asserts that the People should only have been permitted to elicit defendant's conviction of unspecified felonies, these theft-related crimes were highly probative of credibility, and it was an appropriate exercise of the court's discretion to permit these convictions to be identified in order to assist the jury in evaluating defendant's testimony.

The court providently exercised its discretion in permitting the People to introduce evidence that, in addition to using two debit cards that had been in the victim's lost wallet, as charged

in the indictment, defendant also attempted to use a credit card from the same wallet. The evidence concerning the third card was relevant and probative since it went to the issue of defendant's knowledge that the first two cards were stolen (*see People v Radoncic*, 259 AD2d 428 [1st Dept 1999], *lv denied* 93 NY2d 1005 [1999]), and the third card had minimal, if any, prejudicial effect under the circumstances. Defendant did not preserve his claim that the court should have given a limiting instruction regarding the use of the third card, and we decline to review it in the interest of justice. As an alternative holding, we find the lack of such an instruction to be harmless. Concur— Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Webber, JJ.