██ The People of the State of New York, Respondent, v Derrick Ulett, Appellant. [60 NYS3d 396]—

Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered January 6, 2011, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated January 20, 2015, which denied, after a hearing, his motion to vacate the judgment pursuant to CPL 440.10.

Ordered that the judgment and the order are affirmed.

The defendant moved pursuant to CPL 440.10 to vacate his conviction of murder in the second degree on the ground that the People failed to disclose a surveillance video of the lobby of the building outside of which the crime occurred, in violation of *Brady v Maryland* (373 US 83 [1963]). "To make out a successful *Brady* claim, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (*People v Garrett*, 23 NY3d 878, 885 [2014] [internal quotation marks omitted]). Where, as here, the defense did not specifically request the information, the test of materiality is whether there is a reasonable probability that had it been disclosed to the defense, the result would have been different—i.e., a probability sufficient to undermine the court's confidence in the outcome of the trial (*see id.* at 891; *People v Hunter*, 11 NY3d 1, 6 [2008]).

Here, the defendant failed to show a reasonable probability that the result would have been different had the video been disclosed prior to trial, particularly in light of the very limited view provided in the video of the events occurring outside the building. Further, any impeachment value provided by the video was minimal, as was the likelihood that the video would have led to additional exculpatory or impeaching evidence. Accordingly, the Supreme Court properly denied the defendant's motion.

The defendant's contentions regarding alleged prosecutorial misconduct during summation are largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rosario*, 149 AD3d 982 [2017]). In any event, although some remarks were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial (*see People v Rosario*, 149 AD3d 982 [2017]; *People v Ward*, 106 AD3d 842, 843 [2013]).

The defendant's attorney provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Roman, Sgroi and Duffy, JJ., concur.