Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered May 13, 2015, as amended June 23, 2015, convicting him of robbery in the first degree (two counts), robbery in the second degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment, as amended, is affirmed.
 

 The Supreme Court’s Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) constituted a proper exercise of discretion, and did not deprive the defendant of the right to testify on his own behalf (see People v Manigat, 136 AD3d 614, 615 [2016]; People v DeJesus, 135 AD3d 872, 873 [2016]; People v Rosado, 115 AD3d 884, 885 [2014]; People v Hicks, 84 AD3d 1402 [2011]).
 

 The defendant’s contention that he was deprived of a fair trial by certain comments made by the prosecutor during his opening statement and summation is unpreserved for appellate review, since the defendant either failed to object to the challenged remarks or made only a general one-word objection (see CPL 470.05 [2]; People v Robinson, 138 AD3d 764, 766 [2016]; People v Flanagan, 132 AD3d 693, 694 [2015], affd 28 NY3d 644 [2017]). In any event, most of the challenged remarks were either fair comment on the evidence or the inferences to be drawn therefrom (see People v Ashwal, 39 NY2d 105 [1976]), or were responsive to arguments and theories presented on the defense summation (see People v Galloway, 54 NY2d 396 [1981]). To the extent that some of the prosecutor’s comments were improper, those comments did not deprive the defendant of a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant’s guilt, and no significant probability that any error contributed to his convictions (see People v Crimmins, 36 NY2d 230 [1975]; People v Mairena, 150 AD3d 1267 [2017]).
 

 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 The defendant’s remaining contentions are without merit.
 

 Rivera, J.P., Dillon, Connolly and Iannacci, JJ., concur.