People v Ferdinand (2018 NY Slip Op 03144)





People v Ferdinand


2018 NY Slip Op 03144


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2015-00827
 (Ind. No. 4175/15)

[*1]The People of the State of New York, respondent,
v
Christian Ferdinand, appellant.


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Rebecca L. Visgaitis of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered January 7, 2015, convicting him of murder in the second degree and tampering with physical evidence, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of the effective assistance of counsel because his trial counsel improperly permitted him to choose whether to request the submission of manslaughter in the first degree as a lesser included offense of murder in the second degree is without merit. The record supports the conclusion that the defendant's trial counsel made the decision to forgo seeking submission of the lesser included charge after consulting with the defendant (see People v Pickett, 153 AD3d 940, 940; People v Gottsche, 118 AD3d 1303, 1304-1305 cf. People v Colville, 20 NY3d 20, 32).
The defendant's contention that certain comments made by the prosecutor on summation deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912). In any event, most of the challenged comments were fair comment on the evidence or fair response to the defense summation (see People v Galloway, 54 NY2d 396; People v Spigner, 153 AD3d 1289, 1290). Although some of the challenged comments were improperly inflammatory (see People v Redd, 141 AD3d 546, 550; People v Walters, 251 AD2d 433, 434), they were not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v Ulett, 153 AD3d 945, 945; People v Lopez, 150 AD3d 1266, 1267). In addition, contrary to the defendant's contention, counsel's failure to object to the improper comments did not deprive the defendant of the effective assistance of counsel (see People v Wragg, 26 NY3d 403, 411). Counsel's representation, viewed in its totality, cannot be considered ineffective (see People v Clark, 28 NY3d 556, 562-563).
The Supreme Court providently exercised its discretion in denying the defendant's application for a competency examination (see CPL 730.30[1]; People v Tororici, 92 NY2d 757, 765-766; People v Gelikkaya, 84 NY2d 456, 459; People v Jordan, 21 AD3d 1039).
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court