People v Moore (2019 NY Slip Op 00622)





People v Moore


2019 NY Slip Op 00622


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2015-01380
 (Ind. No. 4180/13)

[*1]The People of the State of New York, respondent,
v
Patrick Moore, appellant.


Paul Skip Laisure, New York, NY (Charity L. Brady of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sheryl Parker, J.), rendered February 2, 2015, convicting him of criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Miriam Cyrulnik, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
We agree with the Supreme Court's determination to credit the testimony of the arresting police sergeant at the suppression hearing. This testimony established that there was probable cause for the defendant's arrest (see People v Giler, 148 AD3d 1053, 1053-1054; People v Spann, 82 AD3d 1013, 1014).
The Supreme Court's Sandoval (see People v Sandoval, 34 NY2d 371) ruling was a provident exercise of discretion and did not deprive the defendant of a fair trial (see People v Hayes, 97 NY2d 203; People v Pavao, 59 NY2d 282, 292; People v Sagar, 251 AD2d 433; People v Jamison, 228 AD2d 698).
We disagree with the Supreme Court's determination to preclude the defendant's attorney from cross-examining the arresting police sergeant at trial with respect to the allegations of four federal civil rights lawsuits against him alleging his involvement in false arrests (see People v Smith, 27 NY3d 652). However, we find that the error was harmless, as the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the jury would have acquitted the defendant had he been permitted to impeach the arresting police sergeant (see id. at 665).
As the People correctly concede, the defendant's conviction of criminal possession of a controlled substance in the seventh degree must be vacated since that count is a lesser included offense of the crime of criminal possession of a controlled substance in the fourth degree (see CPL §§ 220.03, 220.09[1]).
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court