People v Carmichael (2019 NY Slip Op 02892)





People v Carmichael


2019 NY Slip Op 02892


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-05412
 (Ind. No. 117/16)

[*1]The People of the State of New York, respondent,
v
Drayvon Carmichael, appellant.


Arza Feldman, Uniondale, NY (Steven A. Feldman of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Bridget Rahilly Steller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered April 7, 2017, convicting him of identity theft in the first degree and criminal possession of a forged instrument in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt of identity theft in the first degree beyond a reasonable doubt (see People v Roberts, 31 NY3d 406, 417-425; People v Yuson, 133 AD3d 1221, 1221-1222). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt of identity theft in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contentions regarding the County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) are without merit. Of the defendant's eight prior convictions, the court ruled it would allow the prosecutor to ask about the nature of and sentence for the defendant's prior convictions of robbery and petit larceny, and to ask whether the defendant had been convicted of a misdemeanor. This ruling reflects an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the risk of possible prejudice (see People v Hayes, 97 NY2d 203, 208; People v Macaiba, 149 AD3d 651, 651; People v Vetrano, 88 AD3d 750, 750-751). The defendant failed to sustain his burden of demonstrating that the prejudicial effect of the evidence of his prior convictions so outweighed its probative worth that exclusion of the convictions was warranted (see People v Vetrano, 88 AD3d at 750). In particular, "[c]onvictions involving theft are highly relevant to the issue of credibility because they demonstrate the defendant's willingness to deliberately further his self-interest at the expense of society" (People v Hegdal, 266 AD2d 472, 473; see People v Vetrano, 88 AD3d at 750). Moreover, the fact that the [*2]crimes charged were similar in nature to the prior convictions, without more, did not warrant preclusion (see People v Lombardo, 151 AD3d 887, 887; People v Hegdal, 266 AD2d at 473).
The defendant's contention that the County Court imposed illegal consecutive sentences is without merit (see People v Brahney, 29 NY3d 10, 14-15). The defendant's contention that the court illegally imposed a sentence for a crime for which he was neither indicted nor convicted is unpreserved for appellate review and, in any event, without merit (see People v Paddyfote, 107 AD3d 745, 745).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court