People v Deverow (2020 NY Slip Op 01359)





People v Deverow


2020 NY Slip Op 01359


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-11635
 (Ind. No. 27/13)

[*1]The People of the State of New York, respondent,
v
Dashawn Deverow, appellant.


Paul Skip Laisure, New York, NY (Caitlin Halpern and Alice R. B. Cullina of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory L. Lasak, J.), rendered October 3, 2016, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 23 years to life on the conviction of murder in the second degree and a determinate term of imprisonment of 15 years plus 5 years of postrelease supervision on the conviction of criminal possession of a weapon in the second degree, the sentences to run concurrently.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of murder in the second degree from an indeterminate term of imprisonment of 23 years to life to an indeterminate term of imprisonment of 17 years to life; as so modified, the judgment is affirmed.
The defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree in connection with a shooting that occurred on December 29, 2012, at approximately 12:30 a.m., in front of an apartment building located in Queens, resulting in the death of a 17-year-old male. Following his arrest and after waiving his Miranda rights (see Miranda v Arizona, 384 US 436), the defendant provided a written statement to the police in which he admitted that he was armed with a "long-nose revolver" when he arrived at the scene of the shooting and that he had fired three shots in the direction of a group of men known as the "40 Boys," but claimed that those men had fired the first shots at him and his friend. At the time of the shooting, the defendant was accompanied by codefendant Jamane Yarbrough, who it was determined had fired the fatal shot.
The defendant contends that the verdict of guilt and the rejection of his justification defense were against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the jury's verdict rejecting [*2]the defendant's justification defense and finding him guilty was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
There is no merit to the defendant's contention that certain of the Supreme Court's evidentiary rulings violated his right to present a defense. "[W]hile all relevant evidence is admissible unless its admission violates some exclusionary rule, evidence is relevant only if it tends to prove the existence or nonexistence of a material fact directly at issue in the case" (People v Robinson, 143 AD3d 744, 746; see People v Jin Cheng Lin, 26 NY3d 701, 727). Further, " well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury'" (People v Powell, 27 NY3d 523, 530, quoting Holmes v South Carolina, 547 US 319, 326). Here, although the defendant contends that the court should have admitted the results of certain DNA testing performed on a firearm that was purportedly used in connection with a "retaliation shooting," that evidence was not relevant, as it did not tend to prove the existence or nonexistence of a material fact directly at issue in this case, and any probative value was outweighed by the possible prejudicial impact on the jury. The defendant also argues that the court should have admitted into evidence recordings of three calls made to the 911 emergency number. However, that evidence similarly was not relevant to the defendant's justification defense. Further, on cross-examination, defense counsel was permitted to elicit testimony from one of the callers demonstrating that certain portions of her trial testimony were inconsistent with information conveyed by her during the 911 call.
We agree with the defendant, however, that the Supreme Court should not have admitted into evidence a revolver that was recovered by the police from underneath a vehicle five to seven blocks away from the scene of the crime and approximately seven hours after the shooting. The revolver was discovered by a passerby, who notified the police. "When real evidence is purported to be the actual object associated with a crime, the proof of accuracy has two elements. The offering party must establish, first, that the evidence is identical to that involved in the crime; and, second, that it has not been tampered with" (People v Julian, 41 NY2d 340, 342-343). At trial, the only eyewitness at the scene of the shooting who observed the defendant armed with a firearm testified that the defendant was armed with a "[s]ilver, long barrel" revolver. Contrary to the court's determination, although that testimony was somewhat consistent with the defendant's description of his revolver, it was insufficient to provide reasonable assurances that the revolver that was admitted into evidence was the same revolver used by the defendant during the shooting (cf. People v Davidson, 111 AD3d 848). No forensic evidence was recovered from the subject revolver linking it to the defendant, and more significantly, the eyewitness was never asked, either by the police after the revolver was recovered or by the prosecution at trial, to identify the revolver as the "actual object" used by the defendant during the shooting (People v Julian, 41 NY2d at 342; cf. People v Flanigan, 174 NY 356, 368; People v Roblee, 83 AD3d 1126, 1127; People v Ortiz, 80 AD3d 628, 630; People v Howard, 305 AD2d 869, 870-871). Further, there was no evidence in the record to support the court's independent observation that the revolver that was admitted into evidence was "very uncommon" and a "very, very unique gun."
Nevertheless, under the circumstances of this case, the error in admitting the revolver was harmless. There was no dispute that the defendant was in possession of a revolver when he arrived at the scene of the shooting and that he had fired three shots from his revolver. The salient issue before the jury was whether the defendant was justified in doing so based on his claim that the first shots were fired by the "40 Boys." Thus, whether the subject revolver was the actual object used by the defendant during the shooting was irrelevant, and there is no significant probability that the jury would have acquitted the defendant had it not been for the error (see People v Crimmins, 36 NY2d 230, 237). In addition, on cross-examination, defense counsel elicited testimony demonstrating the absence of any forensic evidence linking the defendant to the subject revolver and the absence of any ballistic evidence demonstrating when that revolver was last discharged, and that the police recovered the subject revolver from underneath a vehicle, whereas the defendant told the police that he had discarded his revolver while fleeing through "a backyard."
The defendant's contention that the Supreme Court's Sandoval ruling (see People v [*3]Sandoval, 34 NY2d 371) deprived him of his constitutional right to a fair trial is unpreserved for appellate review, as he did not raise any constitutional challenge to the Sandoval ruling before the court (see CPL 470.05[2]; People v Wheelings, 137 AD3d 1310, 1311). In any event, the court's Sandoval ruling did not deprive the defendant of a fair trial. The court providently exercised its discretion in ruling that, if the defendant testified, the prosecution could cross-examine him on the particular facts underlying a prior conviction of criminal possession of a controlled substance in the seventh degree, as the defendant failed to show that allowing such cross-examination was so prejudicial as to outweigh the probative value of the questioning (see People v Hayes, 97 NY2d 203, 208; People v DeJesus, 135 AD3d 872, 873; People v Vetrano, 88 AD3d 750, 750). That prior conviction was relevant to the defendant's credibility because it evinced his willingness to place his own interests above those of society (see People v Sandoval, 34 NY2d at 377).
We agree with the denial of the defendant's Batson challenge (see Batson v Kentucky, 476 US 79) to the prosecutor's exercise of peremptory challenges, as the defendant failed to make the requisite prima facie showing of discrimination (see People v Childress, 81 NY2d 263, 268; People v Cutting, 150 AD3d 873, 874; People v Sydoriak, 147 AD3d 791, 792; People v Rudolph, 132 AD3d 912, 913).
The sentence imposed was excessive to the extent indicated herein.
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court