People v Chizor (2021 NY Slip Op 00187)





People v Chizor


2021 NY Slip Op 00187


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-10193
 (Ind. No. 872/16)

[*1]The People of the State of New York, respondent,
v
Reuben Chizor, appellant.


Varghese & Associates, P.C., New York, NY (Vinoo P. Varghese of counsel), for
appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Danielle S. Fenn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered July 11, 2017, convicting him of rape in the first degree, rape in the second degree, sexual abuse in the first degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that certain testimony of the People's expert witness improperly bolstered the complainants' testimony is unpreserved for appellate review (see CPL 470.05[2]; People v Fernandez, 115 AD3d 977, 978). In any event, the testimony neither bolstered nor vouched for the complainants' credibility, as the expert spoke in general terms and did not suggest that the charged crimes occurred (see People v Diaz, 20 NY3d 569, 576; People v Tebout, 179 AD3d 1099, 1101).
The defendant's contentions that the prosecutor committed misconduct during his questioning of witnesses and on summation is largely unpreserved for appellate review (see CPL 470.05[2]; People v Sylvestre, 178 AD3d 863, 864). In any event, while some comments and questions were improper, they did not, either alone or in combination, serve to deprive the defendant of a fair trial. Any prejudice from these comments and questions was, for the most part, ameliorated by sustained objections and the trial court's instructions to the jury (see People v Barnes, 80 NY2d 867, 868), and those improper comments or questions which were not the subject of sustained objections were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Mapp, 188 AD3d 1260, 1260; People v Candelaria, 101 AD3d 1139, 1140).
Under the circumstances presented, there is no merit to the defendant's contention that he was deprived of his right to present a defense as a result of the Supreme Court's refusal to grant him an adjournment to secure the testimony of an expert witness (see People v Deverow, 180 AD3d 1064, 1066; People v Dikshteyn, 77 AD3d 851, 851).
The defendant's remaining contentions are without merit.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court